REA, Plaintiff, v. GRANT-LONG CO. et, Defendants.

Common Pleas Court, Franklin County.

No. 198085.   Decided August 13, 1957.

John C. Wheatley, for appellee.
John R. Shickler, for appellant.

## OPINION

By GESSAMAN, J.

Defendants below have appealed to this court from a judgment of the Municipal Court of Columbus, Ohio, for plaintiff below.

The undisputed facts are that plaintiff left her Mercury automobile

in the parking lot operated by defendant Grant-Long Co., through its servant and attendant, Elmer Barklow, the other defendant. She stopped her car near the attendant's office and left her keys in the ignition lock so that the car could be moved and parked. When she left it, the car apparently was in good running order. Shortly. after leaving, Mr. Barklow got in the car and, as he testified at page 7:

"I pulled her car up here (indicating), I started to back so I could get parallel with my space and brought her car about half a length of a car, moving backward and—boom—the engine stopped."

At page 26 of the record Mr. Barklow testified that he backed the car at about five miles per hour. He also testified that he asked the plaintiff not to leave the selector lever "in parking position because it was hard to get in and hard to get out."

At page 29 of the record Mr. Barklow further described the action of the car.

"Q. And were you moving it forward or backwards? A. Backwards.

"Q. Backwards? A. Yes, sir.

"Q. And was there a sound in connection with it stopping? A. There was a slight sound, yes, such as you might bump a bumper or something of that kind. There was no grabbing noise or nothing.

"Q. Did you actually hit anything that caused you to stop? A. I did not.

"Q. The car just suddenly stopped? A. It just stopped."

And on the same page the following testimony of the same witness:

"Q. And there was no previous indication that anything was wrong with the car until it suddenly stopped was there? A. Outside of the parking gear was hard to get in and out. That is the only thing that I know of."

At page 17 of the record the plaintiff testified that "it could be difficult" to take the lever out of or put it in parked position.

At page 11 of the record the plaintiff testified that "I always parked there." "At least on the average of three times a week I did."

Mr. Frank Eyerman, service manager at Bexley Mercury, testified that when the automatic transmission on plaintiff's car was opened it was found that the "parking prawl" was sheared off and that there was extensive damage to other parts of the transmission.

There is evidence as to the probable damage to a similar transmission if the selector lever is moved from reverse to forward while the car is moving backward. There is also evidence as to the probable damage if the selector lever is moved to park position while the car is in motion. But there is no evidence in the record that Mr. Barklow made either of these moves or any move of the selector lever. He was not asked any such question.

Counsel for the parties admit that the relationship of bailor and bailee existed at the time in question. The Supreme Court in the case of **Agricultural Insurance Co. v. Constantine, 144 Oh St 275,** has prescribed the rules to be followed in actions by the bailor against the bailee for failure to deliver the property in the same condition. The first rule applicable to the present question is in syllabus 4.

"4. In an action by a bailor based upon a breach of the contract of bailment, where the bailor proves delivery of the bailed property and the failure of the bailee to redeliver upon legal demand therefor, a **prima facie** case of want of due care is thereby established and the burden of going forward with the evidence shifts to the bailee to explain his failure to redeliver."

There is no question but that the plaintiff made a prima facie case. The next rule is found in syllabus 5.

"5. Where the bailee proves loss of the property by **theft**, but attempts no explation of the circumstances and offers no proof of facts from which an inference of due care may be drawn, he does not thereby rebut the presumption of negligence or want of due care arising from his failure to redeliver."

It is our opinion that the defendants clearly rebutted the presumptions of negligence or want of due care, for Mr. Barklow, as we have pointed out, testified that his only act was to move the car in reverse at about five miles per hour for a distance of a half a car length: At that point something happened.

The third rule is found in syllabus 6 and at this point particular consideration must be given to the last sentence of the syllabus:

"6. In an action by a bailor for damage by reason of the bailee's failure to redeliver the bailed property, the burden of proof is upon the bailor to prove that the bailee was guilty of negligence or want of due care. In determining that question, the presumption of negligence or want of due care arising from bailee's failure to redeliver, his explanation of the circumstances surrounding such failure and any evidence offered to rebut such explanation, all should be considered and weighed by the trier of the facts. To entitle the bailor to prevail the preponderance of all the evidence must support the conclusion that the bailee was guilty of negligence or want of due care."

One of the contentions of counsel for defendants is that the judgment is against the manifest weight of the evidence. We have related all of the testimony as to what Mr. Barklow did after he started to move the car. There is no evidence that he even moved the selector lever while the car was in motion. Counsel for plaintiff contends that "The evidence irrefutably shows that the original stopping of the car must have been caused by putting the gear selector into the 'park' position while the car was in motion." With this we cannot agree. Mr. Eyerman testified as to what would happen if the selector lever were moved into park position while a car was in motion but there is no evidence that that was done in this case. As we have pointed out, the only evidence is that Mr. Barklow put the car in reverse, backed it a short distance at about five miles per hour and something happened. He was not asked as to whether he moved the selector lever. Mr. Eyerman described the condition in which he found the plaintiff's transmission but no one testified as to what caused that condition.

The evidence discloses that the transmission on the plaintiff's car is a complicated piece of mechanism made up of many gears and other parts. Undoubtedly the improper use of the selector lever could have

caused damage to the transmission but there is nothing in the record from which one can infer or find that that is the only way in which the transmission can be damaged. Without some evidence of some act of negligence or want of due care on the part of Mr. Barklow, neither he or the defendant corporation is liable for the damages found. Such a bailee, in the absence of an agreement, is not an insurer of property left with it.

The inescapable conclusion is that there is no evidence of any act of negligence or any act of want of due care on the part of the defendants. Our conclusion obviously is, therefore, that the judgment of the trial court is against the manifest weight of the evidence, that the same is reversed and judgment be entered for the defendants.